NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                     :

In re:                              :         Chapter 7
      POONAM KESWANI,             :
                                       :
                   Debtor.        :         Case No. 20-10315-JLG
------------------------------------------------------------------------x
DEBORAH J. PIAZZA, as Chapter 7 Trustee of  :
POONAM KESWANI,                  :
                                       :
                   Plaintiff,    :         Adv. Pro. No. 20-01345-JLG
                                       :
    -against-                   :
                                       :
POONAM KESWANI,                  :
                                       :
                   Defendant.    :
------------------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER GRANTING TRUSTEE'S MOTION
TO DISMISS DEBTOR'S COUNTERCLAIMS WITH PREJUDICE
PURSUANT TO FED. R. BANKR. P. 7012 AND FED. R. CIV. P. 12(b)(6).**

A P P E A R A N C E S :

POONAM KESWANI
*Pro se*
50 Riverside Blvd.
Apt 10N
New York, NY 10069

TARTER KRINSKY & DROGIN LLP
*Attorney for Deborah J. Piazza, as Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
By:    Jill Makower, Esq.

**JAMES L. GARRITY, JR.**
**United States Bankruptcy Judge:**

Introduction

Deborah J. Piazza is the chapter 7 trustee (the "Trustee") of the estate of Poonam Keswani

("Keswani" or "Debtor").  In this adversary proceeding, she seeks an order pursuant to section 727(a) of

the Bankruptcy Code denying the Debtor a discharge.  The pro se Debtor filed an Answer, with

Counterclaims, to the Trustee's Complaint (as those terms are defined below). The matter before the

Court is the Trustee's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule

12(b)(6)") [1] to dismiss the Counterclaims, with prejudice (the "Motion").[2] The Debtor opposes the Motion

(the "Opposition").[3]

For the reasons stated herein, the Court finds that accepting all factual allegations asserted by the

pro se Debtor in support of her Counterclaims as true, drawing all reasonable inferences in the Debtor's

favor, and interpreting the Counterclaims to raise the strongest claims that they suggest, the Debtor fails

to state plausible claims against the Trustee. That is because, as a matter of law, the Debtor is not entitled

to the relief she is seeking in the Counterclaims. Accordingly, the Court grants the Motion, and dismisses

the Counterclaims, with prejudice.

Jurisdiction

---

[1]   Rule 12(b)(6) is made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[2]   *See* Notice of Hearing On Trustee's and Trustee's Counsel's Motion to Dismiss Debtor's Purported Counterclaims, Pursuant to Fed. R. Bankr. R. 7012 and Fed. R. Civ. P. 12(b)(6) [AP ECF No. 9]. Citations to "AP ECF No. __" refer to entries on the Court's electronic docket in this adversary proceeding (AP No. 20-01345). Citations to "ECF No. __" refer to entries on the Court's electronic docket in the Debtor's bankruptcy case (No. 20-10315).

[3]   *See* Affidavit In Rejection Of The Capricious Babble Seeking To Dismiss Affiant's Lawful Counterclaims Against A Prurient Abuser Of Public Trust & Office And Continuing Demand To Return The Sum Of $11,000 Taken From Her By Coercion, Threat, and Brigandry. [ECF No. 108]. The Debtor filed her Opposition in the main bankruptcy case, and not on the docket of this adversary proceeding.  The Opposition is expressly directed to the Motion.  Accordingly, the Court treats the Opposition as if filed in this adversary proceeding.

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(a) and 157(a) and the

Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court

for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This matter is a

core proceeding under 28 U.S.C. § 157(b)(2)(J).


Facts


On January 31, 2020 (the "Petition Date"), the Debtor, represented by counsel, filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code in this Court.  *See* Debtor's Voluntary Chapter

7 Petition. [ECF 1].[4] On February 3, 2020, Deborah J. Piazza was appointed chapter 7 trustee for the

Debtor's estate and qualified for and accepted that appointment.  On February 14, 2020, the Debtor filed

her schedules of assets and liabilities and Statement of Financial Affairs (collectively, the "Schedules");

she filed amended and further amended Schedules A/B and C on March 2, April 17, 2020 and May 10,

2020 respectively. [ECF Nos. 7, 8, 21, 32]. The Trustee examined the Debtor at her section 341 meeting

of creditors on March 10, 2020, and again at the continued section 341 meeting on May 13, 2020. [ECF

Nos. 3, 29].  In May 2020, after consultation with her counsel, the Debtor delivered to the Trustee a check

drawn on the joint account of "Rajesh Chandiramani and Poonam Keswani" dated May 1, 2021 in the

amount of $11,705.39.  The proceeds of the check represent the Debtor's 50% nonexempt interest in New

York State ("NYS") tax refunds paid jointly to the Debtor and her spouse for tax years 2016, 2017, and

2019. *See* Motion, Ex. 1 (copy of check and email correspondence between counsel to the Trustee and

Debtor's counsel).


On December 10, 2020, the Trustee commenced this adversary proceeding by filing a complaint

objecting to the Debtor's discharge pursuant to multiple subsections of section 727(a) of the Bankruptcy

---

[4]    On the Petition Date, the Debtor was represented by counsel. *See* Petition, Part 7, at 7 (identifying Lorna LaMotte, Esq. of
the Chern Law, LLC, as Debtor's counsel). On June 25, 2020, at the direction of the Debtor, Ms. LaMotte moved to withdraw
as attorney of record. [ECF No. 46]. The Debtor did not respond to the motion. Following a hearing, and for cause shown, the
Court entered an order granting the motion. [ECF No. 87].

Code (the "Complaint").[5] The Debtor is a professional jewelry designer.  Her assets include a 50%

interest in Treasure International, a jewelry business, that she says she transferred to her brother in 2018

for no consideration (the "Transfer"), and a 100% interest in Paris Jewels, an entity with an office in

London and a bank account at HSBC, that the Debtor formed just prior to the Petition Date. The essence

of the Complaint is that the Trustee is entitled to a judgment denying the Debtor her discharge because the

Debtor has failed to account for, and has concealed, estate assets, including books, records and bank

accounts, relating to Treasure International and Paris Jewels. The Trustee asserts that the Debtor has not

provided her with any proof that she made the Transfer, and that she testified falsely at her section 341

meeting that Paris Jewels owns no jewelry and has not engaged in any business. *Id.* ¶¶ 15, 21, 23.  She

also complains that despite her numerous written requests to the Debtor to produce documents (including

by emails on May 13, 2020, May 29, 2020, June 4, 2020, and June 22, 2020), many documents and items

of information relating to Debtor's personal and business assets remain outstanding (the "Outstanding

Documents and Information").  *Id.* ¶ 24.  She says that the Outstanding Documents and Information

includes, but is not limited to: (i) the Debtor's 2014 and 2015 tax returns; (ii) the Debtor's personal bank

statements and fronts and backs of cancelled checks for the past six years for all open and closed bank

accounts; (iii) Treasure International's bank statements for the past 6 years; (iv) the location of the storage

unit where Treasure International's documents are or were stored and contact information for the storage

facility; (v) all bank statements relating to the Paris Jewels bank account at HSBC, from inception to

present; (vi) a list of all jewelry inventory in the possession, custody or control of the Debtor or any entity

affiliated with the Debtor as of the Filing Date; and (vii) contact information for an individual identified

as "Mr. Pati".  *Id.* ¶¶ 15, 18, 20, 24.[6]

---

[5]    *See* Trustee's Complaint Objecting to the Debtor's Discharge Pursuant to 11 U.S.C. § 727 [AP ECF No. 1].

[6]    To buttress her allegations of wrongdoing on the Debtor's part, the Trustee maintains that in an action against the Debtor
entitled Treasures London Limited, et al. v. Poonam Keswani and Treasures of Prince, LLC, Index No. 652666/2019 pending
in the New York State Supreme Court, New York County, the Debtor produced altered, falsified and fabricated bank
statements, fabricated and materially false or misleading financial statements, and false, fictitious and fabricated invoices. *Id.* ¶
25.

3

The Trustee served the Complaint on the Debtor on December 18, 2020. On January 26, 2021, the

Debtor filed her "Notice of Answer" and affidavit in support of her Answer and Counterclaims.[7]  In her

Answer, the Debtor asserts that the contents of the Complaint are "void nunc pro tunc" because the

Trustee is not a "lawful trustee" and because "she has bona fide documentary evidence to support or

verify all causes of action and remedies sought by the [Trustee] . . ." Answer ¶¶ 3, 4.  In her

Counterclaims, the Debtor demands that the Trustee "post a bond for $1,000,000 for her continuing

harassment, creating unnecessary expenses for affiant, economic hardship and waste of valuable time to

respond this tautological so-called 'adversary proceeding' suit," and "return $11,000" that the Debtor says

"the trustee Deborah Piazza took and claimed she was recovering for creditors, but she has refused to

return the funds."  Counterclaims ¶¶ 6, 9, 13.  As support for the latter request, the Debtor asserts that "no

proof has surfaced from Deborah Piazza establishing which creditors she paid the money to."  *Id*. ¶ 14.

She says in that light, the Trustee's "refusal to return the money is sounding in unlawful confiscation done

in bad faith and contumacy." *Id*. ¶ 15. In support of her Counterclaims, the Debtor also asserts:

(i)     The Court should dismiss the Complaint because it is not necessary for the Trustee to pursue the Complaint since the Debtor and her creditors will amicably resolve all of the issues raised by the Trustee in the Complaint (Counterclaims ¶¶ 7, 16, 17).

(ii)    The Court must dismiss the Complaint because there is no merit to the Trustee's allegations in the Complaint (Answer ¶ 4, Counterclaims ¶ 14), the Trustee is prosecuting the Complaint in bad faith and against the Debtor's will (Counterclaims ¶ 8), and the Trustee's prosecution of this adversary proceeding is contrary to public policy because the Trustee is racially biased and she is prosecuting the action in disregard of the Debtor's Constitutional rights (*Id*. ¶¶ 10, 11).

(iii)   The Court must dismiss the chapter 7 case because her bankruptcy filing was "ill advised" and is "deemed terminated nunc pro tunc" and the Trustee "lacks lawful authority to force [her] to remain in this Court" (*Id*. ¶ 12).

---

[7]    *See* Notice of Answer In The Nature of Counter Claims Against Deborah J. Piazza, Esq. As "Trustee", Jill L. Makower, Esq., Tarter Krinsky & Drogin LLP, And Their Agents, For Their Capricious Contumacy, Racial Bias, Intentional Destruction of Respondents Substantive Constitutional Rights, Usage of Threats, Coercion, And Imposition of False Will, Improvident & Inimical Collective Bad Faith Acts To Deceive This Court With Their Continuing Frivolous Filings, Unlawful Confiscation of Respondents $11,000, Which Is Demanded Nunc Pro Tunc including Debtor's affidavit in support dated January 15, 2021 which contains the Debtor's answer to the Complaint (the "Answer") and counterclaims against the Trustee (the "Counterclaims"). [AP ECF No. 8].

The Trustee seeks an order pursuant to Rule 12(b)(6) dismissing the Counterclaims, with prejudice.

## Discussion

A Rule 12(b)(6) motion challenges the legal sufficiency of claims asserted in a complaint. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard applicable to complaints under Federal Rule of Civil Procedure 12(b)(6) applies equally to counterclaims." *Burton v. Label*, LLC, 344 F.Supp. 3d 680, 691–92 (S.D.N.Y. 2018) (citing *Gerdau Ameristeel*, No. 13 Civ. 07163(LGS), 2014 WL 3639176, at *2 (S.D.N.Y. July 22, 2014) ("Federal Rule of Civil Procedure 12(b) applies equally to claims and counterclaims; therefore, a motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint."); *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F.Supp. 2d 352, 363 (S.D.N.Y. 2002) (noting that a "motion to dismiss counterclaims is governed by Rule 12(b)(6)")). This plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, to state a facially plausible claim, *Iqbal* requires a party to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Those factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b)(6) motion, the court is to accept as true all facts alleged in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). A court, however, is not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The Court notes that pleadings drafted by pro se litigants "must be 'liberally construed' in favor of that party and are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Wilson v.*

*Austin*, No. 11-CV-4594 (SJF) (GRB), 2012 WL 3764512, at *2 (E.D.N.Y. June 25, 2012) (quoting

*Peirez Ackerman & Levine v. Starr*, No. 92 Civ. 7958(PKL), 1994 WL 48811, at *1 (S.D.N.Y. Feb. 17,

1994)) (internal quotations and citations omitted).  Still, to survive a Rule 12(b)(6) motion to dismiss, the

pro se litigant's pleadings "must nonetheless be supported by specific and detailed factual allegations

sufficient to provide the court and the defendant with 'a fair understanding of what the plaintiff is

complaining about and ... whether there is a legal basis for recovery.'"   *Kimber v. GMAC Mortg., LLC*

*(In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (quoting *Iwachiw v. New*

*York City Bd. of Elections,* 126 F. App'x. 27, 29 (2d Cir. 2005) (citations omitted).


Applying these standards to the Counterclaims, the Court finds grounds for dismissing those

claims. First, many of the Counterclaims are devoid of any factual allegations; rather they contain

conclusory allegations and legal conclusions that fail to state grounds for relief.  *See, e.g.,* Counterclaims

¶¶ 8-11.  The Court dismisses those purported claims. *See Smith v. Local 819 I.B.T. Pension Plan*, 291

F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss."); *In re Big Apple Volkswagen, LLC*, No. 11-

11388 (JLG), 2016 WL 3034744, at *4 (Bankr. S.D.N.Y. May 19, 2016), aff'd, 571 B.R. 43 (S.D.N.Y.

2017) ("[I]n reviewing a Rule 12(b)(6) motion, the court…should not credit conclusory allegations or

legal conclusions couched as factual allegations.") (citing *Rothstein v. UBS* AG, 708 F.3d 82, 94 (2d Cir.

2013)). Moreover, the Debtor is asserting the claims against the Trustee – personally. It is settled that a

duly appointed chapter 7 trustee is immune from liability for acts performed in good faith and within the

scope of their court appointed duties. *See In re Bernard L. Madoff Inv. Securities LLC*, 440 B.R. 282, 290

(Bankr. S.D.N.Y. 2010).  A bankruptcy trustee is a quasi-judicial official "immune from suit for personal

liability for acts taken as a matter of business judgment in acting in accordance with statutory or other

duty or pursuant to court order." *In re Smith,* 400 B.R. 370, 377 (Bankr. E.D.N.Y. 2009); *see*

*also Lebovits v. Scheffel (In re Lehal Realty Assoc.),* 101 F.3d 272, 276 (2d Cir. 1996) (bankruptcy trustee

is considered an officer of the court and "the court that appointed the trustee has a strong interest in

protecting him from unjustified personal liability for acts taken within the scope of his official

duties"); *Weissman v. Hassett,* 47 B.R. 462, 467 (S.D.N.Y. 1985) (a trustee has immunity from liability

when acting "at the court's behest or under its supervision and subject to its orders."). The Counterclaims

relate only to those actions of the Trustee that are within her statutorily prescribed duties and authority

with respect to overseeing the Debtor's chapter 7 bankruptcy case, as well as commencing and

prosecuting the adversary proceeding. As the estate representative, the Trustee is authorized to commence

and prosecute an action with or without court approval. *See In re McKenzie*, 716 F.3d 404, 416 (6th Cir.

2013) ("A trustee, as the representative of the bankruptcy estate with the statutory 'capacity to sue and be

sued,' is authorized to commence and prosecute an action on behalf of the estate with or without court

approval.") (citations omitted). Accordingly, since the complained of acts fall squarely within the

Trustee's given statutory authority and discretion, the Trustee is immune from any liability with respect to

the good faith prosecution of these claims. *See In re Bernard L. Madoff Inv. Sec. LLC*, 440 B.R. at 293

("The Court cannot impose liability on the Trustee for carrying out his duties in good faith and based on

his business judgment."); *see also Kusch v. Mishkin (In re Adler, Coleman Clearing Corp.)*, Nos. 95–

08203(JLG), 95–924A, 1998 WL 551972, at *17 (Bankr. S.D.N.Y. Aug.24, 1998), aff'd, 208 F.3d 202

(2d Cir. 2000) (The Trustee is "not liable in any manner for mistakes in judgment where discretion is

allowed.").[8]  For that additional reason, the Court dismisses the Counterclaims.

Further, there is neither factual nor legal support for the Debtor's demand that the Trustee post a

$1 million bond in her favor in connection with this litigation. *See* Counterclaims ¶ 6. Pursuant to section

322(a) of the Bankruptcy Code, before taking office, a person selected to serve as a chapter 7 trustee must

"file[] with the court a bond in favor of the United States conditioned on the faithful performance of [that

person's] official duties." 11 U.S.C. § 322(a). *See also In re R. Woolsey & Associates, Inc.,* 454 B.R. 782,

788 (Bankr. D. Idaho 2011) ("The purpose of the bond is to assure faithful performance by the trustee and

---

[8]    In her "Notice of Answer", the Debtor purports to assert Counterclaims against the Trustee's counsel, Jill L. Makower, Esq., and Tarter Krinsky & Drogin LLP.  However, the Counterclaims do not include claims directed against Ms. Makower or Tarter Krinsky.

to indemnify the estate for any loss that might be sustained as a result of the misfeasance or malfeasance of the trustee. When a trustee negligently performs the trustee's duties, liability under the bond [issued in favor of the United States under § 322(a)] is activated.") (quoting 3 Collier on Bankruptcy ¶ 322.02 [2] at 322–4 (Alan N. Resnick and Henry J. Sommer eds., 16th ed. 2010)).  There are no grounds under the Bankruptcy Code, or otherwise, to condition the Trustee's continued prosecution of the Complaint on the posting of a bond.  Accordingly, the Court dismisses Counterclaims ¶ 6.

The Debtor's claim that the Court should direct the Trustee to return to the Debtor the $11,705.39 in estate funds that the Debtor turned over to the Trustee in May 2020 (*see* Counterclaims ¶¶ 9, 13-15) fails to state a claim for relief as a matter of fact and law. Section 704 of the Bankruptcy Code sets forth the duties of a chapter 7 trustee. Section 704(a)(1) mandates that the Trustee "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Section 542(a) of the Bankruptcy Code complements that section by requiring "an entity ... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title" to "deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). For these purposes, section 541(a)(1) of the Bankruptcy Code defines "property of the estate" broadly as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Bankruptcy courts must apply state law in determining the extent of a debtor's property interests. *Musso v. Ostashko,* 468 F.3d 99, 105 (2d Cir. 2006) (citing *Butner v. United States,* 440 U.S. 48, 54 (1979)). State law also applies to determine each spouse's specific property rights in a joint federal tax refund. *In re Haedo,* 211 B.R. 149, 153 (Bankr. S.D.N.Y. 1997) (citations omitted).  In assessing a debtor's right to a tax refund paid on account of a joint tax return, courts in this circuit applying New York law follow the "50/50 Refund Rule." *In re Marciano*, 372 B.R. 211, 214 (Bankr. S.D.N.Y. 2007). *See, e.g., In re Glenn*, 430 B.R. 56, 59 (Bankr. N.D.N.Y. 2010); *In re Spina*, 416 B.R. 92, 96 (Bankr. E.D.N.Y. 2009); *In re*

8

*Barrow*, 306 B.R. 28, 33 (Bankr. W.D.N.Y. 2004). That rule establishes "as a rebuttable presumption that

an income tax refund should be split equally between spouses for purposes of allocating property of the

estate pursuant to 11 U.S.C. § 541." *In re Marciano*, 372 B.R. at 216.  The Trustee applied that standard

here, with the consent and acquiescence of the Debtor and her counsel, as it is undisputed that the

$11,705.39 represents the Debtor's 50% nonexempt interest in NYS tax refunds for tax years 2016, 2017,

and 2019. The Debtor, upon advice of counsel, voluntarily turned-over those estate funds to the Trustee.

Thus, the Trustee is properly in possession of the funds. The fact that, to date, the Trustee has not

distributed the funds to creditors provides no grounds for ordering the Trustee to return the funds to the

Debtor.  Section 704 does not dictate when a chapter 7 trustee must distribute estate assets, although

Bankruptcy Rule 3009 directs that "[i]n a chapter 7 case, dividends to creditors shall be paid as promptly

as practicable."  Fed. R. Bankr. P. 3009.  "As a general rule, chapter 7 trustees make no distributions to

creditors until they have liquidated the estate assets and filed a final account." *In re Brown*, No. 18-10617

(JLG), 2020 WL 3264057, at *6 (Bankr. S.D.N.Y. June 10, 2020) (citing *In re Quid Me Broad., Inc.*, 181

B.R. 715, 717-20 (Bankr. W.D.N.Y. 1995) (agreeing that since the chapter 7 trustee is constrained under

§ 726(a) to make a pro-rata distribution to creditors holding similar claims "he must be afforded the

luxury of waiting until case closing and final distribution to make certain that there are sufficient funds to

cover all expenses of administration" and finding that the chapter 7 trustee was under no duty, absent a

court order, to remit IRS administrative expense taxes before such final administration of the estate); *see

also In re GPLA, Inc.*, No. 2:16-bk-13416-RK, 2016 WL 4440376, at *1 (Bankr. C.D. Cal. Aug. 22,

2016) (observing that "distributions to creditors in a Chapter 7 bankruptcy case generally coincides with

filing of trustee's final account, but the court has discretionary power to authorize interim distributions

upon assurance of sufficient remaining funds to pay all administrative expense claims") (citations

omitted). Thus, currently, the Trustee is under no obligation to distribute the proceeds of the NYS tax

refunds to the Debtor's creditors. Finally, and in any event, the Debtor is not entitled to a distribution of

estate assets.  Debtors enjoy the lowest priority of distribution of estate property in chapter 7 cases, and

only solvent debtors are entitled distributions under chapter 7.  *See* 11 U.S.C. § 726(a)(6). The Debtor is

9

insolvent.  In her Schedules the Debtor lists approximately $95,000 in assets and $1.1 million in liabilities.  *See* Official Form 106Sum, Parts 1 & 2 [ECF No. 32].  The Court dismisses Counterclaims ¶¶ 9, 13-15.

Finally, the Debtor's request that she be permitted to dismiss her case because she will resolve the claims of her creditors outside of bankruptcy and the bankruptcy filing was "ill advised" and is "deemed terminated nunc pro tunc" and the Trustee "lacks lawful authority to force [her] to remain in this Court" (*see* Counterclaims ¶¶ 7, 12, 16, 17) is not properly before the Court.  Section 707 of the Bankruptcy Code governs dismissal of a chapter 7 case.  In part, it states that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause . . ."  11 U.S.C. § 707(a).  The Debtor has failed to file a motion under section 707 and set a hearing; the Court will not consider the request to dismiss the case in the context of her purported Counterclaims to the Complaint.[9]

The Trustee asserts that the Court should dismiss the Counterclaims, with prejudice, because the Debtor cannot prove any set of facts to support her claims.  Motion ¶ 29. Rule 15(a) of the Federal Rules of Civil Procedure requires that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[10]  *See also Foman v. Davis,* 371 U.S. 178, 182 (1962). When a motion to dismiss is granted, "the usual practice is to grant leave to amend the complaint." *Ronzani v. Sanofit S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (internal quotation marks omitted).  However, "where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." *Cortec Industries,*

---

[9]    The Debtor previously filed a motion to dismiss her case, which the Court denied, in the face of the Trustee's opposition to the motion.  On June 29, 2020, the Debtor, acting pro se, filed her Notice Of Pro Se Debtor's Good Faith Motion For Immediate Voluntary Dismissal Of This Action Due To The Causes Outlined In The Affidavit In Support Pursuant To Rule 11 U.S.C. § 707(A), And Other Authorities And Decisions In Protection Of Her Substantive Due Process Rights (the "Dismissal Motion"). [ECF No. 50]. On July 28, 2020, the Trustee filed her opposition to the Dismissal Motion [ECF No. 63]. Ms. LaMotte also responded to the Dismissal Motion as the motion contained certain allegations regarding her representation of the Debtor in the bankruptcy case.  Ms. LaMotte did not advocate for or against the Dismissal Motion. [ECF No. 64]. On August 4, 2020, the Court held a hearing on the Dismissal Motion. The Debtor did not appear at the hearing on the Dismissal Motion and did not seek to adjourn the motion.  The Court heard argument from the Trustee and, after fully considering the matter, denied the Dismissal Motion. [ECF No. 79].

[10] Rule 15 is made applicable herein by Bankruptcy Rule 7015.

*Inc. v. Sum Holdings L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (citation omitted).  *See also Singh v. HSBC*

*Bank USA*, 200 F.Supp. 2d 338, 340 (S.D.N.Y. 2002); *Frederick v. State*, 232 F.Supp. 3d 326, 336

(W.D.N.Y. 2017); *Art Media, LLC v. Brant*, No. 19CV11218VMRWL, 2021 WL 746261, at *7

(S.D.N.Y. Feb. 12, 2021).   The foregoing makes clear that, as a matter of law, the Debtor is not entitled

to any of the relief that she is seeking in the Counterclaims. Accordingly, it would be futile to grant her

leave to amend the Counterclaims.  For that reason, the Court dismisses the Counterclaims, with

prejudice. *Rivera v. Governor of New York*, 92 F. App'x 25, 26 (2d Cir. 2004) (affirming dismissal with

prejudice where claims fail as a matter of law because amendment would be futile); *In re Alcatel Sec.*

*Litig.*, 382 F.Supp. 2d 513, 535 (S.D.N.Y. 2005) (dismissing with prejudice those claims for which it

would be futile to grant leave to replead).


Conclusion

Based on the foregoing, the Court grants the Motion, and dismisses the Counterclaims, with

prejudice.


IT IS SO ORDERED.

Dated: March 16, 2021
     New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge